UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:19-cv-00581

**Lawrence Dotson,**
*Plaintiff,*

v.

**FCA US LLC and Kimbra Warren,**
*Defendants.*

Before BARKER, *District Judge*

## ORDER

Before the court is plaintiff Lawrence Dotson's motion to remand to state court. Doc. 6. Dotson originally filed this case in the 114th Judicial District Court of Smith County, Texas. Defendant Fiat Chrysler Automobiles US LLC, commonly referred to as FCA, removed to this court. Plaintiff challenges that removal and requests that the court remand the case. For the reasons that follow, the court **denies** plaintiff's motion.

Plaintiff brought this action following an October 16, 2018 car accident. Dotson was the front-seat passenger in a 2009 Dodge Journey, which collided with the car driven by defendant Kimbra Warren. As a result, plaintiff suffered numerous injuries. Plaintiff sued Warren. But he also sued FCA, whom he argues designed, manufactured, assembled, and tested the Dodge Journey. Plaintiff claims that he was properly seated and wearing his seatbelt and that his injuries were extensive only because the Dodge Journey failed to satisfy various crashworthiness principles.

In response, FCA stated that it did not design, manufacture, assemble, or test the Dodge Journey at issue. Instead, FCA argues, the car was manufactured by the Chrysler Corporation, and FCA only obtained a legal interest in this car following Chrysler's April 30, 2009 petition for chapter 11

bankruptcy in the United States Bankruptcy Court for the Southern District of New York. Through that bankruptcy, FCA acquired some of Chrysler's interests and liabilities.

FCA removed to this court in reliance on 28 U.S.C. § 1452(a), which states that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Under 28 U.S.C. § 1334(b), this court has "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

In response, plaintiff moved to remand. He argues that the court lacks subject matter jurisdiction because his claims do not "arise under" or "arise in" a title 11 proceeding and are not otherwise "related to" a title 11 proceeding. Plaintiff further argues that, if the court does have jurisdiction, it should abstain from hearing the case and remand to state court.

A proceeding "arises under" title 11 if it "involve[s] a cause of action created or determined by a statutory provision of title 11." *In Matter of Galaz*, 665 F. App'x 372, 375 (5th Cir. 2016) (quoting *In re Wood*, 825 F.2d 90, 96 (5th Cir. 1987)). In contrast, a proceeding "arises in" title 11 if it is "not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Wood*, 825 F.2d at 97. A case is "related to" a title 11 proceeding if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Id.* at 93.

In addition, the court must abstain from hearing this case if "(1) the claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court." *In re TXNB Internal Case*, 483 F.3d 292, 300 (5th Cir. 2007) (citing

*Schuster v. Mims (In re Rupp & Bowman)*, 109 F.3d 237, 239 (5th Cir. 1997)); 28 U.S.C. § 1334(c)(2). In addition, the court may "in the interest of justice, or in the interest of comity with State courts or respect for State law, [abstain] from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1).

Dotson brings three claims against FCA: products liability, negligence, and breach of express and implied warranties. He argues that these claims are "solely state-law claims and do not invoke any rights created in bankruptcy law." Moreover, he contends that, because these causes of action "were not created by a statutory provision of Title 11 but by Texas state law . . . [his] claims would exist whether there was a bankruptcy or not." Finally, plaintiff argues that, although there was a relevant bankruptcy proceeding at one point, his claims now "cannot be an integral part of the bankruptcy process because the bankruptcy is closed, and this case involves a pre-bailout vehicle involved in a post-bailout accident . . . [which] FCA agreed to accept responsibility for outside the bankruptcy."

Defendant responds that this action necessarily "arises in" title 11, because the court will need to interpret and enforce a Master Transaction Agreement, which the bankruptcy court adopted by order, to address plaintiff's claims against FCA. FCA argues, and Dotson acknowledges, that FCA's potential liability exists only because of the bankruptcy court's order "approving the sale of substantially all of Old Chrysler's assets to FCA pursuant to the terms of the [Master Transaction Agreement] free and clear of all liens, claims and interests, except for 'Assumed Liabilities' (Section 2.08) under the [Master Transaction Agreement]."

The court finds that FCA's liability, if any, arises from its assumption of liability for certain claims as defined in the Master Transaction Agreement. Plaintiff's claims against FCA would not exist but for the bankruptcy and subsequent transaction agreement. That agreement contains various

exceptions to FCA's successor liability, and the court would need to interpret and possibly enforce those exceptions and bankruptcy-court orders. So, this case arises in or relates to a bankruptcy matter.

As noted above, § 1334(c)(2) requires the court to abstain from hearing this proceeding if: (1) § 1334(b) is the only basis for federal jurisdiction, (2) the claim is a non-core proceeding, (3) an action was commenced in state court, and (4) the action could be adjudicated timely in state court. *See In re TXNB Internal Case*, 483 F.3d at 300. If, instead, the claim is a core proceeding, then the court has discretion to abstain and remand "in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1).

No party contests that § 1334(b) is the only possible basis for federal jurisdiction or that the action was commenced in state court. Similarly, FCA has not challenged the state court's ability to timely adjudicate this matter if remanded. Therefore, the court is required to abstain and remand this case if Dotson's claims are non-core proceedings.

A proceeding is core if it "invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Wood*, 825 F.2d at 97. In contrast, "[i]f the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy[,] it is not a core proceeding." *Id.* Moreover, if a claim is only "*related* to the bankruptcy because of its potential effect . . . it is an 'otherwise related' or non-core proceeding. *Id.* (emphasis in original). When reviewing the proceeding, "the relevant inquiry is whether the nature of the adversary proceeding, rather than the state or federal basis for the claim, falls within the core of bankruptcy power." *Matter of Case*, 937 F.2d 1014, 1020 (5th Cir. 1991) (citing *In re Manville Forest Products Corp.*, 896 F.2d 1384, 1389 (2d Cir.1990). Finally, the distinction between core and non-core proceedings is addressed in 28 U.S.C. § 157. This

statute includes a non-exhaustive list of 16 categories of core bankruptcy proceedings. Of particular importance here is that "matters concerning the administration of the estate," are core proceedings. 28 U.S.C. § 157(b)(2)(A). The Fifth Circuit has held that both this and other listed core proceedings include interpretations of notes executed in a reorganization plan, *Case*, 937 F.2d at 1014, and interpretations of bankruptcy courts' orders approving various reorganization plans. *In re Nat'l Gypsum Co.*, 118 F.3d 1056, 1064 (5th Cir. 1997).

Here, Dotson's claims rely on the Master Transaction Agreement, without which, FCA would have no connection to the lawsuit. Plaintiff's argument that "a need to interpret the [Master Transaction Agreement] does not exist in this case" is incorrect. At most, plaintiff is correct that other courts have already interpreted various provisions of the agreement, and that whichever court hears this case will "have little difficulty construing" its contents. But that argument acknowledges that "interpretation is required nonetheless." *Martinez-Garcia v. FCA US LLC*, No. 1:18-cv-00582-MAC, at 8 (E.D. Tex. Dec. 20, 2018). Therefore, Dotson's claims are a core proceeding. As such, the court is not required to abstain.

In reviewing a motion for discretionary abstention in a bankruptcy matter, the court will generally consider the 14 non-exhaustive factors listed in *Broyles v. U.S. Gypsum Co.*, 266 B.R. 778, 785 (E.D. Tex. 2001).

The court finds that the balance of these factors, as well as other considerations, weigh against abstention here. Factor 1 favors FCA. As noted in other cases involving FCA, the Master Transaction Agreement "struck a delicate balance between protecting the rights of creditors asserting claims in the [Chrysler] bankruptcy and the rights of future claimants. A federal court is in the best position to ensure any judgment in this case is consistent with the balance struck by the [agreement]." *Martinez-Garcia*, No. 1:18-cv-00582-MAC, at 10. Similarly, it is not clear that state-law issues predominate over

bankruptcy issues in this matter. Nor is applicable state law unsettled or difficult to apply. Negligence, products liability, and breach of warranty are well-established in Texas law, and this court anticipates no special difficulty in discerning state law on those claims. Factors 2 and 3 thus also support FCA. The parties have not identified any related claims in either state or federal court, so factor 4 is inapplicable.

Factors 5 and 6 favor abstention. Section 1334 is the only jurisdictional basis identified by FCA, and this case is far removed in time from the original bankruptcy proceeding. But factor 7 cautions against abstention because of the importance of the court's interpretation of the Master Transaction Agreement and how that interpretation affects Dotson's claims. Under factor 8, the court cannot realistically sever Dotson's state-law claims from the core bankruptcy matter because FCA's potential liability arises from the bankruptcy proceeding. Factors 9, 10, and 11 are neutral, given that the parties did not substantively argue these points and that a jury trial is available in both state and federal court. Similarly, factors 12, 13, and 14 are neutral. Neither Dotson nor FCA has convincingly argued that a federal forum would prejudice non-debtor parties or upset comity between state and federal courts.

In addition to those 14 factors, the court has also considered the possibility of local bias against FCA. Dotson and FCA are diverse parties, yet this court lacks diversity jurisdiction only because Dotson filed his action against both FCA and Warren, a Texas resident. Still, the diversity-jurisdiction rationale has some force here. Federal courts hear state claims to ensure that "non-resident litigants of courts [are] free from susceptibility to potential local bias." *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 111 (1945). Those concerns are said to be lessened if at least one defendant resides in the forum state. *See Dresser Indus., Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 499 (3d Cir. 1997) (local bias concerns

are "understandably allayed when that [diverse] party is joined with a citizen from the forum state.")

But concerns of local bias are not completely allayed by Warren's presence. The court cannot assume that Warren's inclusion would negate any local bias favoring Dotson. For all of the reasons given above, the court finds that discretionary abstention and remand is not warranted.

Plaintiff's motion to remand is **denied**.

*So ordered by the court on February 19, 2020.*

J. CAMPBELL BARKER
United States District Judge